UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY K.P.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civ. No. 3:20-cv-00217-MO

OPINION & ORDER

MOSMAN, District Judge:

Plaintiff Henry K.P. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On September 5, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on January 31, 2014. Tr. 261. The application was denied initially and upon reconsideration and, at Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on February 10, 2017. Tr. 65–91, 146, 152. On March 30, 2017, the ALJ

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

issued a decision finding Plaintiff not disabled. Tr. 119. On May 25, 2018, the Appeals Council remanded the case for another hearing. Tr. 139. A new hearing was held on December 26, 2018, where Plaintiff amended his alleged onset date to April 30, 2018. Tr. 41. On December 26, 2018, the ALJ again issued a decision finding that Plaintiff was not disabled. Tr. 15. Plaintiff appealed this subsequent decision and the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724–25.

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). The Commissioner bears the burden

of proof at step five. *Id.* at 953–54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff met the insured status requirements through December 31, 2022, and had not engaged in a period of substantial gainful activity since his amended alleged onset date of April 30, 2018. Tr. 21.

At step two, regarding Plaintiff's Title XVI claim, the ALJ found that Plaintiff had the following medically determinable impairments: "laceration of the left forearm palmaris longus tendon status-post median nerve repair; and, carpal tunnel syndrome status-post repair surgery (20 CFR 404.1520(c))." Tr. 21. These impairments were found to "significantly limit the ability to perform basic work activities as required by SSR 85-28." *Id.* Plaintiff's alleged depression was considered a "minimal limitation" and was determined to be "non-severe." *Id.*

At step three, the ALJ found, after analyzing the record, that Plaintiff's impairments "do not meet or medically equal the criteria of any impairment listed impairments described in Appendix 1 of the Regulations (20 CFR, Part 404, Subpart P, Appendix 1)." Tr. 23. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with some exertional limitations. Tr. 23–24.

At step four, the ALJ determined that Plaintiff "has no past relevant work." Tr. 29. And at step five, the ALJ determined that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy. Specifically, the ALJ found that Plaintiff could perform 16,028 jobs in the national economy, including 6,900 Interviewer Dealer Accounts positions, 5,600 Usher positions, 1,600 Sales/Counter Clerk positions, 1,500 Host/Hostess positions, 382 Tanning Salon Attendant positions, and 46 Baker Worker positions. Tr. 29–30. As a result, the ALJ determined that Plaintiff was not disabled. *Id.*

## STANDARD OF REVIEW

The Commissioner's decision must be affirmed if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the Commissioner's alleged errors, the court must weigh "both

the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198. A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, any harmless error in the ALJ's decision will not be reversed. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff asserts that the ALJ erred at Step Five when he found that Plaintiff could perform work in significant numbers because he found that Plaintiff could perform 16,028 jobs nationwide when there were only 14,946 jobs nationwide that Plaintiff could perform. Plaintiff argues that 14,946 jobs nationwide is not a significant number of jobs.

The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). But "a comparison to other cases is instructive." *Id.* And other cases have found 15,000 or fewer jobs to be significant. *See, e.g., Davis v. Comm'r of Soc. Sec.*, 2018 WL 1779341, at *6 (E.D. Cal. Apr. 12, 2018) (15,000 national jobs significant); *Montalbo v. Colvin*, 231 F.Supp.3d 846, 863 (D. Haw. 2017) (12,300 national jobs significant);

*Aguilar v. Colvin*, 2016 WL 3660296, *3 (C.D. Cal. July 8, 2016) (11,850 national jobs significant); *Evans v. Colvin*, 2014 WL 3845046, at *2–*3 (C.D. Cal. Aug. 4, 2014) (6,200 national jobs significant).

I agree with the ALJ. Even if Plaintiff is correct that the ALJ miscalculated the number of jobs he could perform, the ALJ did not commit harmful error. Under the worst-case scenario, there are 14,946 jobs that Plaintiff can perform. Under the best-case scenario, there are over 15,000 jobs that Plaintiff can perform. Either way, the number of jobs Plaintiff can perform falls well within the range of what other courts have found to be significant.

## CONCLUSION

For the foregoing reasons, I AFFIRM the ALJ's denial of benefits. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 24th day of October 2023.

MICHAEL W. MOSMAN
Senior United States District Judge